NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAULINA JESUS-PEDRO; P.R.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    15-73457

Agency Nos.    A206-798-987
A206-798-988

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2026[**]
San Francisco, California

Before: N.R. SMITH, NGUYEN, and SANCHEZ, Circuit Judges.

Petitioners Paulina Jesus-Pedro and her child (collectively, "Jesus-Pedro")

petition for review of the Board of Immigration Appeals' ("BIA") dismissal of her

appeal of an immigration judge's ("IJ") denial of her application for asylum and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

withholding of removal.[1]  We have jurisdiction under 8 U.S.C. § 1252.  We review the denial of asylum and withholding for substantial evidence, *see Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021), and deny the petition.

1.  Substantial evidence supports the agency's conclusion that Jesus-Pedro was not persecuted or will face future persecution on account of being an indigenous Indian.  Her fear of harm resulting from general "adverse country conditions [is] not sufficient evidence of past persecution."  *Sharma*, 9 F.4th at 1063.  Likewise, while Jesus-Pedro testified that her family faced criminal violence, she did not show that she "was individually targeted on account of a protected ground rather than simply [being] the victim of generalized violence."  *Id.*  Thus, she failed to show that she was persecuted or had a well-founded fear of future persecution on account of her race or ethnicity.

2.  Substantial evidence supports the agency's conclusion that Jesus-Pedro's fear of persecution was not on account of her "anti-crime" or "anti-gang" opinion.  Although Jesus-Pedro argues that her "anti-crime" or "anti-gang" opinion is political in nature, "a general aversion to gangs does not constitute a political opinion for asylum purposes."  *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th

---

[1] Jesus-Pedro raised a claim for protection under the Convention Against Torture ("CAT") below.  Because Jesus-Pedro does not address this claim on appeal, she has forfeited any challenge to the BIA's denial of her CAT claim.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

Cir. 2008); *Soriano v. Holder*, 569 F.3d 1162, 1164–65 (9th Cir. 2009) (holding mere "opposition to organized crime" does not constitute a political opinion), *overruled on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (en banc). Thus, because Jesus-Pedro "has not shown the existence of a political opinion," she failed to show persecution on account of a political opinion. *See Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991).

**PETITION DENIED.**[2]

---

[2] The motion for a stay of removal, Dkt. No. 1, is denied. The temporary stay of removal is lifted.